CV 13          4477

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PATRICK GILL

Plaintiff,          Case No.

GLEESON, J.

-against-                                        **NOTICE OF REMOVAL**

GOLD, M.J.

CHRISTOPH S. BAHLMANN and PERINI
CORPORATION,

Defendants
-------------------------------------------------------------------X

TO: THE HONORABLE JUDGES OF THE UNITED STATES
    DISTRICT COURT FOR THE EASTERN DISTRICT
    OF NEW YORK

Defendants, sued herein as Christoph S. Bahlmann and Perini Corporation, respectively

(hereinafter "defendant", defendants", "Bahlmann" and/or "Perini"), by their undersigned

attorneys, Law Offices of Kenneth Arthur Rigby, PLLC, respectfully submit:

1.      The above-captioned civil action was filed in the Supreme Court of the State of New

York, County of Kings, on or about June 27, 2013, by Summons and Verified Complaint dated

June 25, 2013, and is currently pending in that Court under Index Number 11715/2013.  Copies

of the Summons and Complaint are annexed hereto as "Exhibits A".

2.      A copy of the Summons and Verified Complaint was served on Tutor Perini Corporation

on July 11, 2013 and a copy of the Summons and Verified Complaint was served on Bahlman's

wife on July 8, 2013, the statutorily required follow up mailing was made that same day, the statutorily required affidavit of same was filed with the Kings County court on July 9, 2013 and, hence, service on Bahlmann was completed on July 19, 2013. Attached, respectively, as Exhibits "B" and "C" are copies of the Affidavits of Service on defendants.

3.      A Verified Answer was served on behalf of defendants on July 29, 2013. Attached as Exhibit "D" see copy of that Answer.

4.      Based on the statutorily required *ad damnum* in plaintiff's Complaint, to the effect that plaintiff has been damaged "in a sum exceeding the jurisdictional limits of all lower courts which would, otherwise, have jurisdiction", on July 29, 2013, defendants served on plaintiff a Request for Supplemental Demand Pursuant to CPLR 3017 (c), requesting that plaintiff set forth the total damages to which plaintiff deems himself entitled. Also see Exhibit "D".

5.      On July 31, 2013, plaintiff served by US mail Plaintiff's Response To Demand Pursuant To CPLR 3017 (c), particularizing for the first time his alleged damages to be in an amount not to exceed $10,000,000, which was received by the office of the undersigned on August 2, 2013. See attached Exhibit "E".

6.      There have been no further proceedings in the Supreme Court of the State of New York, County of Kings, since receipt of Plaintiff's Response To Demand Pursuant To CPLR 3017 (c) and no other proceedings other than those noted in this Notice.

7.      The Verified Complaint in this action alleges at Paragraphs 54-58 that on or about August 14, 2012, the plaintiff, while driving in New York, New York, was caused to suffer severe and

permanent personal injuries when his vehicle was struck by a vehicle negligently operated by Bahlmann and owned by Perini.

8.      The Verified Complaint contains a general prayer for relief, but does not state a specific amount of damages to which the plaintiff deems himself entitled.

9.      However, in Plaintiff's Response To Demand Pursuant To CPLR 3017 (c) dated July 31, 2013, Exhibit "E", he asserts for the first time that he has been damaged in an amount not to exceed $10,000,000, and, hence, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10.     The plaintiff alleges, at Paragraph 1 of his Verified Complaint, that he is a resident of the State of New York, County of Kings.   The Summons recites that the plaintiff resides at 85 Nicholas Avenue, Brooklyn, New York 11208.

11.     The corporation previously known as defendant Perini Corporation and now known as Tutor Perini Corporation since on or about June 23, 2009, is incorporated under the laws of the State of Massachusetts with its principal place of business located at 15901 Olden Street, Sylmar, CA  91342. See attached as Exhibit "F", a copy of relevant page from the New York State Department   of   State   Division   of   Corporations   Entity   Information   website   at http://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_nameid= 38539&p_corpid=32432&p_entity_name=%50%65%72%69%6E%69&p_name_type=%41&p_ search_type=%43%4F%4E%54%41%49%4E%53&p_srch_results_page=0.   Prior     to     the renaming of the company, Perini Corporation was, likewise, a Massachusetts corporation with its principal place of business at 15901 Olden Street, Sylmar, CA 91342.

12.   As correctly asserted by plaintiff at paragraph 4 of the Verified Complaint, defendant Christopher S. Bahlmann, sued herein as Christoph S. Bahlmann, is a resident of the state of New Jersey.

13.   This Court has original jurisdiction of this action, pursuant to 28 U.S.C. §1332(a), on the grounds of diversity of citizenship.

14.   Removal of this action to this Court is proper, pursuant to 28 U.S.C. §1441(a), because the Eastern District of New York is the judicial district embracing the place where the State court action is pending.

Dated:  New York, New York
        August 8, 2013

                            Respectfully submitted,

                            Law Offices of Kenneth Arthur Rigby PLLC
                            Attorneys for Defendants Christoph S. Bahlmann
                            and Perini Corporation

                            By: _____
                            Kenneth A. Rigby (KR0266)
                            15 Maiden Lane, Suite 1500
                            New York, New York 10038
                            (212) 629-7575
                            *karigby@karigbylaw.com*

TO:
Block O'Toole & Murphy, LLP
Attorneys for Plaintiff
One Penn Plaza, Suite 5315
New York, NY 10119
(212) 736-5300

*A*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

PATRICK GILL

                              Plaintiff,

                      -against-

CHRISTOPH S. BAHLMANN and PERINI
CORPORATION

                              Defendant(s).
------------------------------------------------------------------X

Index No.: 11715 - 2013
Date Purchased:

## SUMMONS

Plaintiff designates Kings
County as the place of trial.

The basis of venue is:
Plaintiff's place of Residence:
85 Nicholas Avenue
Brooklyn, NY 11208

County of Kings

## To the above named Defendant:

**You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorney(s) within twenty (20) days after the service of this
summons, exclusive of the day of service, where service is made by delivery upon you personally
within the state, or, within thirty (30) days after completion of service where service is made in
any other manner.  In case of your failure to appear or answer, judgment will be taken against you
by default for the relief demanded in the complaint.

Dated: New York, New York
       June 25, 2013

                                        _____
                                        DAVID L. SCHER
                                        Block O'Toole & Murphy, LLP
                                        **Attorneys for Plaintiff**
                                        **PATRICK GILL**
                                        One Penn Plaza
                                        Suite 5315
                                        New York, New York 10119
                                        212-736-5300
                                        Our File No. 3800

*KINGS COUNTY CLERK
RECEIVED
2013 JUN 27  AM 11: 00*

TO:    **CHRISTOPH S. BAHLMANN**
       139 E. Bergen Pl.
       Red Bank, NJ 07701

       **PERINI CORPORATION**
       1022 Lower South Street
       Peekskill, NY 10566

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

PATRICK GILL

               Plaintiff(s),

       -against-

CHRISTOPH S. BAHLMANN and PERINI
CORPORATION

               Defendant(s).

-------------------------------------------------------------------X

Index No.:
Date Purchased:


**<u>VERIFIED COMPLAINT</u>**

Plaintiff, **PATRICK GILL**, by his attorneys, **BLOCK O'TOOLE & MURPHY, LLP**, complaining of the Defendant, respectfully alleges, upon information and belief:

1.    At all times herein mentioned, Plaintiff **PATRICK GILL** was, and still is, a resident of the County of Kings, City and State of New York.

2.    At all times herein mentioned, Defendant **PERINI CORPORATION** was and still is a Domestic Corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.    At all times herein mentioned, Defendant **PERINI CORPORATION** maintained a principle place of business and executive office in the County of Westchester, City of Peekskill in the State of New York, located at 1022 Lower South Street, Peekskill, NY 10566.

4.    At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** was, and still is, a resident of the County of Monmouth, State of New Jersey.

5.    At all times herein mentioned, Defendant **PERINI CORPORATION** was the owner of a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

6.    At all times herein mentioned, Defendant **PERINI CORPORATION** was the owner of 2009 Ford SUV bearing New York State Vehicle Identification Number 1FMEU74E29UA18090.

7. At all times herein mentioned, Defendant **PERINI CORPORATION** managed a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

8. At all times herein mentioned, Defendant **PERINI CORPORATION** managed a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

9. At all times herein mentioned, Defendant **PERINI CORPORATION** maintained a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

10. At all times herein mentioned, Defendant **PERINI CORPORATION** maintained a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

11. At all times herein mentioned, Defendant **PERINI CORPORATION** controlled a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

12. At all times herein mentioned, Defendant **PERINI CORPORATION** controlled a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

13. At all times herein mentioned, Defendant **PERINI CORPORATION** supervised a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

14. At all times herein mentioned, Defendant **PERINI CORPORATION** supervised a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

15. At all times herein mentioned, Defendant **PERINI CORPORATION** performed repairs to a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

16 At all times herein mentioned, Defendant **PERINI CORPORATION** performed repairs to a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

17. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** was the operator of a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

18. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** was the operator of a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

2

19.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** managed the 2009 Ford SUV bearing New York State License Plate Number EPF2390.

20.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** managed the 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

21.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** maintained a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

22.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** maintained a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

23.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** controlled a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

24.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** controlled a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

25.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** supervised a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

26.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** supervised a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

27.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** performed repairs to a 2009 Ford SUV bearing New York State License Plate Number EPF2390.

28.   At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** performed repairs to a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090.

3

29. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** operated a 2009 Ford SUV bearing New York State License Plate Number EPF2390, with the permission of Defendant **PERINI CORPORATION.**

30. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** operated a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090, with the permission of Defendant **PERINI CORPORATION.**

31. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** operated a 2009 Ford SUV bearing New York State License Plate Number EPF2390, with the knowledge of Defendant **PERINI CORPORATION.**

32. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** operated a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090, with the knowledge of Defendant **PERINI CORPORATION.**

33. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** operated a 2009 Ford SUV bearing New York State License Plate Number EPF2390, with the consent of Defendant **PERINI CORPORATION.**

34. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** operated a 2009 Ford SUV bearing New York Vehicle Identification Number 1FMEU74E29UA18090, with the consent of Defendant **PERINI CORPORATION.**

35. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** was an employee of Defendant **PERINI CORPORATION.**

36. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** operated the aforementioned Ford SUV bearing New York State License plate number EPF2390, in the scope of his employment with Defendant **PERINI CORPORATION.**

37. At all times herein mentioned, Defendant **CHRISTOPH S. BAHLMANN** operated the aforementioned Ford SUV bearing New York Vehicle Identification Number

4

1FMEU74E29UA18090, in the scope of his employment with Defendant **PERINI CORPORATION.**

38. That Defendant **PERINI CORPORATION** was negligent in the hiring of Defendant **CHRISTOPH S. BAHLMANN.**

39. That Defendant **PERINI CORPORATION** was negligent in the training of Defendant **CHRISTOPH S. BAHLMANN.**

40. That Defendant **PERINI CORPORATION** was negligent in the supervision of Defendant **CHRISTOPH S. BAHLMANN.**

41. That Defendant **PERINI CORPORATION** was negligent in the retention of Defendant **CHRISTOPH S. BAHLMANN.**

42. That before Defendant **PERINI CORPORATION** hired Defendant **CHRISTOPH S. BAHLMANN** they failed to perform a background investigation into his driving history with the Department of Motor Vehicles and/or any other agencies.

43. That subsequent to Defendant **PERINI CORPORATION** hiring **CHRISTOPH S. BAHLMANN**, and up until and including August 14, 2012, it failed to perform a background investigation into his driving history with the Department of Motor Vehicles and/or any other agencies.

44. That before Defendant **PERINI CORPORATION** hired Defendant **CHRISTOPH S. BAHLMANN**, or at any time thereafter, prior to or on August 14, 2012,  they failed to request employment records from Defendant **CHRISTOPH S. BAHLMANN**'s prior employers.

45. That before Defendant **PERINI CORPORATION** hired Defendant **CHRISTOPH S. BAHLMANN**, or at any time thereafter, prior to or on August 14, 2012,  they failed to obtain employment records from Defendant **CHRISTOPH S. BAHLMANN**'s prior employers.

46.   That before Defendant **PERINI CORPORATION** hired Defendant **TOMMY OSORIO** was required to pass a driving and/or road test regarding the operation of a **PERINI CORPORATION** vehicle and/or any other vehicle.

47.   That before Defendant **PERINI CORPORATION** hired Defendant **CHRISTOPH S. BAHLMANN**, and up until and including August 14, 2012, Defendant **CHRISTOPH S. BAHLMANN** was required to pass a driving and/or road test regarding the operation of a **PERINI CORPORATION** vehicle and/or any other vehicle.

48.   That before Defendant **PERINI CORPORATION** hired Defendant **CHRISTOPH S. BAHLMANN** was required to pass a medical examination to ensure the safe operation of a **PERINI CORPORATION** vehicle and/or any other vehicle.

49.   That subsequent to Defendant **PERINI CORPORATION** hiring Defendant **CHRISTOPH S. BAHLMANN**, Defendant **CHRISTOPH S. BAHLMANN**, and up until and including August 14, 2012, Defendant was required to pass a medical examination to ensure the safe operation of an **PERINI CORPORATION** vehicle and/or any other vehicle.

50.   At all times herein mentioned, West 34th Street and 7th Avenue in the County of New York, State of New York, were and still are public roadways and/or thoroughfares used extensively by the public in general.

51.   That on or about the 14th day of August, 2012, Defendant **CHRISTOPH S. BAHLMANN** was operating the aforesaid motor vehicle owned by Defendant **PERINI CORPORATION**.

52.   That on or about the 14$^{h}$ day of August, 2012, at the aforementioned location, Defendant **CHRISTOPH S. BAHLMANN** was operating the aforesaid motor vehicle owned by Defendant **PERINI CORPORATION**.

53.   That on or about the 14th day of August, 2012, at the aforementioned location, Plaintiff **PATRICK GILL** was operating a motor vehicle.

6

54.     That on or about the 14th day of August, 2012, at the aforementioned location, the vehicle owned by Defendant **PERINI CORPORATION** and operated by Defendant **CHRISTOPH S. BAHLMANN** came into contact with the motor vehicle operated by Plaintiff **PATRICK GILL**.

55.     That as a result of the aforesaid contact, Plaintiff **PATRICK GILL** was injured.

56.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

57.     That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

58.     That by reason of the foregoing, Plaintiff **PATRICK GILL** sustained severe and permanent personal injuries.

59.     Said injuries are permanent in nature and duration were caused, precipitated, aggravated and/or exacerbated by the occurrence herein.  That to the extent the above injuries, conditions and/or diagnosis are shown to pre-date the accident, then such injuries, conditions and/or diagnosis were latent and inactive, and as a result of this accident, were activated, accelerated, exacerbated therein.

60.     That Plaintiff **PATRICK GILL** sustained serious injuries as defined by §5101(d) of the Insurance Law of the State of New York.

61.     That Plaintiff **PATRICK GILL** sustained serious injury and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

62.     That Plaintiff **PATRICK GILL** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is

obligated to reimburse Plaintiff.  Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

63.     That this action falls within one or more of the exceptions set forth in CPLR §1602, including paragraph 6.

64.     That by reason of the foregoing, Plaintiff **PATRICK GILL** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff, **PATRICK GILL**, demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
       June 25, 2013

                                        Yours, etc.

                                        DAVID L. SCHER
                                        Block O'Toole & Murphy, LLP
                                        **Attorneys for Plaintiff**
                                        **PATRICK GILL**
                                        One Penn Plaza
                                        Suite 5315
                                        New York, New York 10119
                                        212-736-5300
                                        Our File No. 3800

8

## ATTORNEY'S VERIFICATION

**DAVID L. SCHER**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at BLOCK O'TOOLE & MURPHY, LLP, attorneys of record for Plaintiff, **PATRICK GILL**.  I have read the annexed

## SUMMONS AND VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:      New York, New York
            June 25, 2013

**DAVID L. SCHER**

9

11715/2013 Affidavit of serv

Page 1 of 2



Supreme Court of the State of New York

County Of Kings

Patrick Gill
Plaintiff

vs.

Christoph S. Bahlmann and Perini Corporation
Defendant

Index Number: 11715-2013

Affidavit of Service of

Summons and Verified Complaint

STATE OF NY COUNTY OF NEW YORK:SS

The undersigned, being duly sworn, deposes and says: deponent is not a party herein, is over 18 years of age and resides in New York, NY.

That on 7/11/2013 at 11:12:00 AM at the address:

1000 Main Street

New Rochelle, NY 10801

Deponent served the within Summons and Verified Complaint

UPON: **Perini Corporation**

By personally delivering a true copy of the Summons and Verified Complaint

to ANN B. WIELAND,  Authorized to accept service thereof.

Deponent describes the person actually served as follows:

| | |
|---|---|
| **Sex:** | Female |
| **Skin:** | White |
| **Hair:** | Blonde |
| **Age** | 60-65 |
| **Height:** | 5ft 3ins-5ft 6ins |
| **Weight** | 130-160 |

I asked the person spoken to whether said served was in active military service of the United States or of the State of New York in any capacity whatsoever and received a negative response. Said served wore ordinary civilian clothing and no military uniform. The grounds of this belief and the source of my information in this regard are the observations and conversations accounted above. Hence upon information and belief, I assert that the recipient is not in military service of the United States or of New York State as the term is defined in the state or in the Federal Statutes.

Sworn to before me this                    7/11/2013

Regenia L. Hyman
Notary Public: State Of  New York
NO: O1HY6045811
QUALIFIED IN: County Of  Bronx
COMMISSION Expires:

Angelo Rodriguez
License NO:   1000177

Sunday, July 13, 2014                          Job #: 8600

2013 JUL 12  PM 4:23
KINGS COUNTY CLERK
FILED

Nicolettiti  Harris. Inc.  132 Nassau Street, Suite 412  New York, New York 10038  Agency License#: 0923666

Page 1 of 2

11715/2013 Affidavit of serv.

Supreme Court of the State of New York

County Of Kings

Patrick Gill
Plaintiff

Index Number: 11715-2013

Affidavit of Service of
Summons and Verified Complaint

vs.

Christoph S. Bahlmann and Perini Corporation
Defendant



STATE OF NY COUNTY OF  NEW YORK:SS

The undersigned, being duly sworn, deposes and says: deponent is not a party herein, is over 18 years of age and resides in Colts Neck, NJ.

That on 7/8/2013 at 9:40:00 AM at the address:

4 Coddington Ct
Howell, NJ 07731

Deponent served the within Summons and Verified Complaint

UPON:  **Christoph S. Bahlmann**

By personally delivering a true copy of the Summons and Verified Complaint to SHARON BAHLMANN (WIFE ), a person of suitable age and discretion. Said premises is the defendant'  actual place of dwelling On 7/8/2013, deponent enclosed a copy of the Summons and Verified Complaint in a post-paid envelope addressed to the last known address of said served at:

4 Coddington Ct
Howell, NJ 07731

Deponent describes the person actually served as follows:
| | |
|---|---|
| **Sex:** | Female |
| **Skin:** | White |
| **Hair:** | Brown |
| **Age** | 30-35 |
| **Height:** | 5ft 7ins-5ft 9ins |
| **Weight** | 120-130 |

I asked the person spoken to whether said served was in active military service of the United States or of the State of New York in any capacity whatsoever and received a negative response. Said served wore ordinary civilian clothing and no military uniform. The grounds of this belief and the source of my information in this regard are the observations and conversations accounted above. Hence upon information and belief, I assert that the recipient is not in military service of the United States or of New York State as the term is defined in the state or in the Federal Statutes.

*Sworn to, before me this*  7/8/2013

James Nicoletti

License NO:  826606

REGENA L HYMAN
NOTARY PUBLIC STATE OF NEW YORK
BRONX COUNTY
LIC. #01HY6048911
COMM. EXP. 7/26/2014

Job #: 8334



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
PATRICK GILL

                         Plaintiff        Index No. 11715-2013

                                           **VERIFIED ANSWER**

     -against-

CHRISTOPH S. BAHLMANN and PERINI
CORPORATION,

                                  Defendants
------------------------------------------------------------------X

      Defendants, sued herein as CHRISTOPH S. BAHLMANN and PERINI

CORPORATION, (hereinafter also "Defendants" or "Defendant"), by their attorneys, Law

Offices of Kenneth Arthur Rigby, PLLC, as and for their Verified Answer ( hereinafter also

"Verified Answer" and/or "Answer") to the Verified Complaint (herein after also

"Complaint"), dated June 25, 2013, state as follows:

     1.   Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraphs 1, 4, 5, 6, 17, 18, 29, 30, 31, 32, 33, 34, 42, 43, 44, 45, 47,

48, 49, 50, 55, 62 and 63 of the Complaint.

     2.   Deny the allegations set forth in paragraphs 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19,

20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 35, 36, 37, 38, 39, 40, 41, 46, 51, 52, 54, 56, 57, 58, 59,

60, 61 and 64 of the Complaint.

     3.   Admit the allegations set forth in paragraph 53 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4.      Plaintiff fails to state a cause of action upon which relief may be granted upon these answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.      This Court lacks personal jurisdiction over these answering defendants, as service was improper, incomplete, and/or defective.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.      If plaintiff was caused to suffer any loss or damages as alleged in the Complaint, such were caused, in whole or in part, by reason of the carelessness and negligence on the part of the plaintiff, without any fault, negligence or want of care on the part of these answering defendants contributing thereto.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.      Plaintiff has failed to mitigate his damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.      The liability of these answering defendants, if any, pursuant to the provisions of CPLR§ 1601, is limited to the percentage of culpability found against them individually, and these answering defendants shall not be responsible for any percentage of culpability attributed to other individuals and/or entities, whether named or unnamed, over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.      Any past or future cost or medical expenses incurred or to be incurred by plaintiff for medical care, custodial care or rehabilitative services, loss of earnings, or other economic loss, has or will with reasonable certainty be replaced or indemnified in whole or in part from

collateral sources as defined under Section 4545 of the New York Civil Practice Law and Rules, and if any damages are recovered against these answering defendants, the amount of such damages shall be diminished by the amount of funds which plaintiff has or shall receive from such collateral sources as insurance, social security, workers compensation, or employee benefit programs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.    The defendants as named are not proper parties to this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.    If plaintiff has or will suffer any damages as alleged, such were caused solely by the acts or omissions of third parties over whom these answering defendants exercised no control.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.    The alleged defect/condition upon which plaintiff was injured was open and obvious and defendants, therefore, owed plaintiff no duty and cannot be found negligent.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.    Plaintiff knowingly and voluntarily assumed the risk of injury.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.    Plaintiff did not sustain serious injury as defined in Section 5102(d) of the Insurance Law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15.    Plaintiff failed to sustain economic loss greater than basic economic loss so as to satisfy the exceptions to Section 5104 of the Insurance Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff was not utilizing a seat belt at the time of the alleged accident and such failure caused the accident in question and enhanced any injury suffered by plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17.    The proximate cause of the subject accident was plaintiff's own actions. and, therefore, these answering defendants cannot be held liable for the subject accident.

**WHEREFORE** defendants, CHRISTOPH S. BAHLMANN and PERINI CORPORATION, demand judgment dismissing the Verified Complaint of plaintiff PATRICK GILL dated June 25, 2013, and respectfully request that this Court grant such other and further relief as it deems just and proper.

Dated: July 29, 2013

Respectfully submitted,

Law Offices of Kenneth Arthur Rigby, PLLC
Attorneys for Defendants CHRISTOPH S. BAHLMANN
and PERINI CORPORATION

By: _____
Kenneth Arthur Rigby, Esq.
15 Maiden Lane, Suite 1500
New York, New York 10038
(212) 629-7575

TO:
Block, O'Toole & Murphy, LLP
Attorneys for Plaintiff PATRICK GILL
One Penn Plaza, Suite 5315
New York, NY 10119
(212) 736-5300

4

## ATTORNEY'S VERIFICATION

Kenneth Arthur Rigby, an attorney duly admitted to practice law in the State of New York, affirms the following statements to be true under the penalties of perjury:

That I am principal of the Law Offices of Kenneth Arthur Rigby, PLLC, the attorneys-of-record for defendants, CHRISTOPH S. BAHLMANN and PERINI CORPORATION, in this action; that I have read the foregoing Verified Answer and know the contents thereof; that the same are true to my own knowledge except for those matters stated therein upon information and belief and, as to those matters, I believe such to be true.

That the grounds of my belief as to all matters not stated upon my knowledge are records, documents and/or information supplied by or on behalf of defendants or obtained through this law firm's investigation of the plaintiff's claims, and the contents of the case file maintained in affirmant's office.

That this verification is made pursuant to Section 3020(d)(3) of the New York Civil Practice Law and Rules on the ground that defendants are not within the county where the affirmant has his offices and defendants are united in interest and pleading together.

Dated: New York, New York
      July 29, 2013

Kenneth Arthur Rigby, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
PATRICK GILL

                                    Plaintiff              Index No. 11715-2013

                                              **REQUEST FOR SUPPLEMENTAL DEMAND**
                                              **PURSUANT TO CPLR 3017 (c)**

    -against-

CHRISTOPH S. BAHLMANN and PERINI
CORPORATION,

                                              Defendants
-------------------------------------------------------------------X

    Defendants, sued herein as CHRISTOPH S. BAHLMANN and PERINI

CORPORATION (hereinafter also "Defendants" or "Defendant"), by their attorneys, Law

Offices of Kenneth Arthur Rigby, PLLC, hereby, demand pursuant to Civil Practice Law and

Rules Section 3017 (c), that you produce in writing the following information within 15 days of

this Request:

1.   A supplemental demand setting forth the total damages to which plaintiff deems himself

entitled.

    Dated: July 29, 2013                       Respectfully submitted,

                                    Law Offices of Kenneth Arthur Rigby, PLLC
                                    Attorneys for Defendants CHRISTOPH S. BAHLMANN
                                              and PERINI CORPORATION

                                    By: _____
                                          Kenneth Arthur Rigby, Esq.
                                          15 Maiden Lane, Suite 1500
                                          New York, New York 10038
                                          (212) 629-7575

TO:
Block, O'Toole & Murphy, LLP
Attorneys for Plaintiff PATRICK GILL
One Penn Plaza, Suite 5315
New York, NY 10119
(212) 736-5300

## AFFIRMATION OF SERVICE BY OVERNIGHT MAIL

Kenneth Arthur Rigby hereby affirms the following to be true under penalty of perjury:

That I am an attorney duly admitted to practice law in the Courts of the State of New York, and am a member and principal of The Law Offices of Kenneth Arthur Rigby, PLLC, and counsel for Respondents in this action. I am over the age of 18 years and not a party to this action.

That on the 29th day of July 2013, I served a copy of the foregoing **Verified Answer** on the following attorney(s) by Overnight Mail at the following address(es):

Block, O'Toole & Murphy, LLP
Attorneys for Plaintiff PATRICK GILL
One Penn Plaza, Suite 5315
New York, NY 10119
(212) 736-5300

by depositing a true copy of the same securely enclosed in a pre-paid, properly addressed, wrapper marked overnight delivery in an official depository under the exclusive care and custody of Federal Express within the State of New York.

Dated:   New York, New York
         July 29, 2013

Kenneth Arthur Rigby, Esq.

## AFFIRMATION OF SERVICE BY OVERNIGHT MAIL

Kenneth Arthur Rigby hereby affirms the following to be true under penalty of perjury:

That I am an attorney duly admitted to practice law in the Courts of the State of New York, and am a member and principal of The Law Offices of Kenneth Arthur Rigby, PLLC, and counsel for Respondents in this action. I am over the age of 18 years and not a party to this action.

That on the 29th day of July 2013, I served a copy of the foregoing **Request For Supplemental Demand Pursuant To CPLR 3017 (c)** on the following attorney(s) by Overnight Mail at the following address(es):

Block, O'Toole & Murphy, LLP
Attorneys for Plaintiff PATRICK GILL
One Penn Plaza, Suite 5315
New York, NY 10119
(212) 736-5300

by depositing a true copy of the same securely enclosed in a pre-paid, properly addressed, wrapper marked overnight delivery in an official depository under the exclusive care and custody of Federal Express within the State of New York.

Dated:   New York, New York
         July 29, 2013

Kenneth Arthur Rigby, Esq.



# BLOCK O'TOOLE & MURPHY, LLP

### A T T O R N E Y S   A T   L A W

One Penn Plaza
Suite 5315
New York, New York 10119



Jeffrey A. Block
Daniel P. O'Toole
Stephen J. Murphy
S. Joseph Donahue
David L. Scher

Frederick C. Aranki
Scott Occhiogrosso
Michael J. Hurwitz
Robyn Brazzil
Christina R. Mark

(212) 736-5300 Telephone
(212) 971-9840 Facsimile

Of Counsel
George A. Freitag
Javier A. Solano

July 31, 2013

Kenneth Arthur Rigby, Esq.
Law Offices of Kenneth Arthur Rigby, PLLC
15 Maiden Lane, Suite 1500
New York, NY 10038

Re:   Gill v. Bahlmann & Perini Corp.
D/A: August 14, 2012
Our File No. 3800

Dear Mr. Rigby:

Enclosed herewith for service upon you please find a Response to Demand Pursuant to CPLR 3017(c).

Should you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

Anna Nesvizhsky
Paralegal

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
PATRICK GILL

                          Plaintiff,

              -against-

CHRISTOPH S. BAHLMANN and PERINI
CORPORATION

                       Defendant(s).
-------------------------------------------------------------------X

**PLAINTIFF'S
RESPONSE TO
DEMAND PURSUANT
TO CPLR § 3017(c)**

Index No.: 11715/2013

       Plaintiff **PATRICK GILL**, by his attorneys **BLOCK O'TOOLE & MURPHY, LLP**,

as and for a response to the DEMAND PURSUANT TO CPLR § 3017(c) dated July 29, 2013 of

Defendants **CHRISTOPH S. BAHLMANN** and **PERINI CORPORATION**, alleges upon

information and belief, as follows:

       1.     That by reason of the foregoing, Plaintiff PATRICK GILL has been damaged an

amount not to exceed Ten Million Dollars ($10,000,000.00). Plaintiff reserves his right to

supplement this demand.

Dated: New York, New York
       July 31, 2013

                            Yours etc.,

                            DAVID L. SCHER
                            Block O'Toole & Murphy, LLP
                            **Attorneys for Plaintiff
                            PATRICK GILL**
                            One Penn Plaza, Suite 5315
                            New York, New York 10119
                            212-736-5300
                            Our File No. 3800

TO:    Law Offices of Kenneth Arthur Rigby, PLLC
        **Attorneys for Defendant(s)
        CHRISTOPH S. BAHLMANN &
        PERINI CORPORATION**
        15 Maiden Lane, Suite 1500
        New York, New York 10038
        212-629-7575

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through August 7, 2013.

Selected Entity Name: TUTOR PERINI CORPORATION
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | TUTOR PERINI CORPORATION |
| **DOS ID #:** | 32432 |
| **Initial DOS Filing Date:** | SEPTEMBER 16, 1932 |
| **County:** | NEW YORK |
| **Jurisdiction:** | MASSACHUSETTS |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**Chief Executive Officer**
RONALD N. TUTOR
15901 OLDEN STREET
SYLMAR, CALIFORNIA, 91342

**Principal Executive Office**
TUTOR PERINI CORPORATION
15901 OLDEN STREET
SYLMAR, CALIFORNIA, 91342

**Registered Agent**
C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be

listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not
recorded and only available by viewing the
certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

\*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JUN 23, 2009 | Actual | TUTOR PERINI CORPORATION |
| MAR 04, 1957 | Actual | PERINI CORPORATION |
| SEP 16, 1932 | Actual | B. PERINI & SONS, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results                    New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICK GILL

                                    Plaintiff,         Case No.


     -against-                                         **RULE 7.1 STATEMENT**



CHRISTOPH S. BAHLMANN and PERINI
CORPORATION,

                              Defendants
----------------------------------------------------------------X

     Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and

Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned

counsel for defendant Perini Corporation, now known as Tutor Perini Corporation, a non-

governmental corporate party to the above-captioned action, identifies the following as any

parent corporation and/or any publicly held corporation that owns 10% or more of its stock:  No

such corporation.

Dated:  New York, New York
        August 8, 2013


                         Respectfully submitted,
                         Law Offices of Kenneth Arthur Rigby PLLC
                         Attorneys for Defendants Christoph S. Bahlmann
                         and Perini Corporation


                         By:
                         Kenneth A. Rigby (KR0266)
                         15 Maiden Lane, Suite 1500
                         New York, New York 10038
                         (212) 629-7575
                         *karigby@karigbylaw.com*

                                    1

TO:
Block O'Toole & Murphy, LLP
Attorneys for Plaintiff
One Penn Plaza, Suite 5315
New York, NY 10119
(212) 736-5300

## AFFIRMATION OF SERVICE BY OVERNIGHT MAIL

Kenneth Arthur Rigby hereby affirms the following to be true under penalty of perjury:

That I am an attorney duly admitted to practice law in the Courts of the State of New York, and am a member and principal of The Law Offices of Kenneth Arthur Rigby, PLLC, and counsel for Respondents in this action. I am over the age of 18 years and not a party to this action.

That on the 8th day of August 2013, I served a copy of the foregoing **Notice of Removal with Exhibits "A"-"F" and Rule 7.1 Statement** on the following attorney(s) by Overnight Mail at the following address(es):

Block, O'Toole & Murphy, LLP
Attorneys for Plaintiff PATRICK GILL
One Penn Plaza, Suite 5315
New York, NY 10119
(212) 736-5300

by depositing a true copy of the same securely enclosed in a pre-paid, properly addressed, wrapper marked overnight delivery in an official depository under the exclusive care and custody of Federal Express within the State of New York.

Dated:   New York, New York
        August 8, 2013

                                   Kenneth Arthur Rigby, Esq.