UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
Patrick Gill,                          :    Case No. 13-CV-04477-JG-SMG

                    Plaintiff,         :

        - against -                    :    **ORDER TO SHOW CAUSE**

CHRISTOPH S. BAHLMANN and PERINI       :
CORPORATION,
                                       :

                    Defendants.
---------------------------------------X

Upon the Affirmation dated December 30, 2014, of John R. Wiess, Esq., in support of the defendants' motion for relief for The Geo Group, Inc.'s disobedience of two So Ordered Subpoenas In A Civil Case dated May 16, 2014, and the Exhibits annexed thereto, it is

**ORDERED** that The Geo Group, Inc. show cause before this Court, at Courtroom 13-D of the Courthouse located at 225 Cadman Plaza East, Brooklyn, New York 11201, on _____, 2015, at 9:30 a.m., or as soon thereafter as counsel may be heard, why an Order should not be issued pursuant to Rule 45 of the Federal Rules of Civil Procedure:

a.  Compelling The Geo Group, Inc. to comply with two So Ordered Subpoenas In A Civil Case dated May 16, 2014, by directing The Geo Group, Inc., by/at dates and times to be determined by the Court on this motion, (i) to answer the Subpoenas, (ii) to produce to this law office any and all documents and records in its possession, custody, or control that are responsive to the Subpoenas, and (iii) to appear at this law office to testify at deposition; and

b.  Granting such other and further relief as the Court determines to be just and proper, specifically including, but not necessarily limited to, a conditional order holding The Geo Group, Inc. in contempt if The Geo Group, Inc. fails

to fully comply with the Subpoenas as further directed by the Court on this motion.

**IT IS FURTHER ORDERED** that a copy of this Order, together with the papers upon which it is granted, be served on The Geo Group, Inc., c/o Corporate Creations Network, Inc., 15 North Mill Street, Nyack, New York 10960 (Registered Agent), and on The Geo Group, Inc., 2534 Creston Avenue, Bronx, New York 10468, by personal delivery or by overnight mail on or before _____, 2015, and that such service be deemed good and sufficient.

Dated: Brooklyn, New York
       _____, 2015


       _____
            Hon. Steven M. Gold
            Chief Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Patrick Gill,                             :    Case No. 13-CV-04477-JG-SMG

                    Plaintiff,            :

        - against -                       :    **AFFIRMATION OF JOHN R.
                                               WIESS, ESQ., IN SUPPORT OF
                                          :    THE DEFENDANTS' MOTION FOR
CHRISTOPH S. BAHLMANN and PERINI               RELIEF FOR THE GEO GROUP,
CORPORATION,                              :    INC.'S DISOBEDIENCE OF TWO
                                          :    SO ORDERED SUBPOENAS**
                    Defendants.
----------------------------------------X

S I R   O R   M A D A M:

    JOHN R. WIESS hereby affirms the following to be true under

penalty of perjury:

    1.    I am an attorney duly admitted to practice law in the

United States District Court for the Eastern District of New York, I

am associated with The Law Offices of Kenneth Arthur Rigby, PLLC, the

attorneys for defendants Christoph S. Bahlmann and Perini Corporation

(collectively, "Defendants") in the above-captioned matter, I am

familiar with the facts and prior proceedings herein, based upon

personal knowledge and a review of the file maintained by this law

office, and I make this Affirmation in support of Defendants' motion,

brought on by order to show cause, for an Order, pursuant to Rule 45

of the Federal Rules of Civil Procedure:

            a.    Compelling The Geo Group, Inc. to comply with two So

                  Ordered Subpoenas In A Civil Case dated May 16, 2014,

                  by directing The Geo Group, Inc., by/at dates and

                  times to be determined by the Court on this motion,

                  (i) to answer the Subpoenas, (ii) to produce to this

law office any and all documents and records in its possession, custody, or control that are responsive to the Subpoenas, and (iii) to appear at this law office to testify at deposition; and

b.    Granting such other and further relief as the Court determines to be just and proper, specifically including, but not necessarily limited to, a conditional order holding The Geo Group, Inc. in contempt if The Geo Group, Inc. fails to fully comply with the Subpoenas as further directed by the Court on this motion.

2.    This personal injury lawsuit arises out of a motor vehicle accident that occurred on August 14, 2012.  In their defense of this lawsuit, Defendants are seeking to obtain by subpoena the plaintiff's employment records from The Geo Group, Inc.  To date, The Geo Group, Inc. has not produced to this law office any documents and records that are sought by two So Ordered Subpoenas In A Civil Case nor has it appeared for deposition.  Indeed, to date, The Geo Group, Inc. has not made any response to the two So Ordered Subpoenas In A Civil Case.

3.    The relevant procedural history is as follows (the plaintiff's date of birth and social security number are redacted from the exhibits that are annexed hereto):

a.    By letter dated February 18, 2014, this law office sought the plaintiff's employment records from The Geo Group, Inc. pursuant to a written authorization.  *See*

"Exhibit A" annexed hereto. The Geo Group, Inc. did not make any response to this request for records.

b.    On May 16, 2014, the Court So Ordered a Subpoena In A Civil Case (dated May 16, 2014) that is directed to The Geo Group, Inc., c/o Corporate Creations Network, Inc., 15 North Mill Street, Nyack, New York 10960 (Registered Agent), and that was made returnable on June 19, 2014, at 10:00 a.m., at The Law Offices of Kenneth Arthur Rigby, PLLC, 15 Maiden Lane, New York, New York 10038. *See* "Exhibit B" annexed hereto.

c.    On May 16, 2014, the Court also So Ordered a Subpoena In A Civil Case (dated May 16, 2014) that is directed to The Geo Group, Inc., 2534 Creston Avenue, Bronx, New York 10468, and that was made returnable on June 24, 2014, at 10:00 a.m., at The Law Offices of Kenneth Arthur Rigby, PLLC, 15 Maiden Lane, New York, New York 10038. *See* "Exhibit C" annexed hereto.

d.    On May 19, 2014, copies of the two So Ordered Subpoenas were sent to the plaintiff's counsel both by facsimile transmission and by regular mail. *See* "Exhibit D" annexed hereto, without the referenced enclosures.

e.    On May 20, 2014, the So Ordered Subpoena In A Civil Case (dated May 16, 2014) that is directed to The Geo Group, Inc., c/o Corporate Creations Network, Inc., 15

North Mill Street, Nyack, New York 10960 (Registered Agent), was served. *See* "Exhibit E" annexed hereto.

f. On May 20, 2014, the So Ordered Subpoena In A Civil Case (dated May 16, 2014) that is directed to The Geo Group, Inc., 2534 Creston Avenue, Bronx, New York 10468, was served. *See* "Exhibit F" annexed hereto.

g. On June 19, 2014, I and a court reporter (Yehudis Wiener) were present at The Law Offices of Kenneth Arthur Rigby, PLLC for the deposition of The Geo Group, Inc., pursuant to the So Ordered Subpoena In A Civil Case (dated May 16, 2014) that is directed to The Geo Group, Inc., c/o Corporate Creations Network, Inc., 15 North Mill Street, Nyack, New York 10960 (Registered Agent). The Geo Group, Inc., which had not as of that time (and still has not as of this time) made any response to the Subpoena, without notice or explanation failed to appear for deposition. After waiting for an hour or so beyond the scheduled deposition start time of 10:00 a.m., the deposition was busted due to the unexplained non-appearance of The Geo Group, Inc.

h. On June 24, 2014, I and a court reporter (Renate E. Moy) were present at The Law Offices of Kenneth Arthur Rigby, PLLC for the deposition of The Geo Group, Inc., pursuant to the So Ordered Subpoena In A Civil Case (dated May 16, 2014) that is directed to The Geo

Group, Inc., 2534 Creston Avenue, Bronx, New York 10468. The Geo Group, Inc., which had not as of that time (and still has not as of this time) made any response to the Subpoena, without notice or explanation failed to appear for deposition. After waiting for an hour or so beyond the scheduled deposition start time of 10:00 a.m., the deposition was busted due to the unexplained non-appearance of The Geo Group, Inc.

4. In light of the foregoing, this motion is being made to compel The Geo Group, Inc.'s compliance with the two So Ordered Subpoenas In A Civil Case, including both the production of documents and records and appearance for deposition.

5. For all of the foregoing reasons, defendants Christoph S. Bahlmann and Perini Corporation respectfully request that the Court issue an Order, pursuant to Rule 45 of the Federal Rules of Civil Procedure, (a) compelling The Geo Group, Inc. to comply with two So Ordered Subpoenas In A Civil Case dated May 16, 2014, by directing The Geo Group, Inc., by/at dates and times to be determined by the Court on this motion, (i) to answer the Subpoenas, (ii) to produce to this law office any and all documents and records in its possession, custody, or control that are responsive to the Subpoenas, and (iii) to appear at this law office to testify at deposition, and (b) granting such other and further relief as the Court determines to be just and proper, specifically including, but not necessarily limited to, a conditional order holding The Geo Group, Inc. in contempt if The Geo

Group, Inc. fails to fully comply with the Subpoenas as further directed by the Court on this motion.

6.   No prior application has been made for the relief sought herein.

Dated:   New York, New York
         December 30, 2014

                                                                     

John R. Wiess (JW 9563)
The Law Offices of
Kenneth Arthur Rigby, PLLC
Attorneys at Law
15 Maiden Lane, Suite 1500
New York, New York 10038
(212) 629-7575
jwiess@karigbylaw.com

Exhibit A

# THE LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC

**Attorneys at Law**
**15 Maiden Lane, Suite 1500**
**New York, New York 10038**
**(212) 629-7575**
**Direct Dial (646) 490-9689**
**Facsimile (212) 629-9090**
**E-Fax (646) 863-4248**

February 18, 2014

The Geo Group, Inc.
13777 Ballantyne Corporate Place
Suite 200
Charlotte, North Carolina 28277

Re:    Patrick Gill
       DOB: ███████
       SSN: ███████
       <u>Gill v. Christoph S. Bahlmann, et al. (E.D.N.Y. Case Number CV13 4477)</u>
       Our File Number: PZ-0015

To Whom It May Concern:

    This law office represents defendants Christoph S. Bahlmann and Perini Corporation in the above-referenced lawsuit.

    Enclosed please find an executed and notarized Authorization For Release Of Health Information Pursuant To HIPAA that authorizes the release to this law office of Patrick Gill's employment records.

    Please promptly forward to this law office a copy of Patrick Gill's employment records. If there is a fee for photocopying the records, please send us a written invoice that details the cost involved.

    Thank you for your help with this request for records. Please do not hesitate to contact me should you have any questions.

                   Very truly yours,

                   John R. Wiess

JRW/jrw
Enclosure



# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
**[This form has been approved by the New York State Department of Health]**

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patrick Gill | ███████ | ███████ |

| Patient Address |
|---|
| 85 Nicholas Avenue, Brooklyn, NY 11208 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form. In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
The Geo Group, Inc., 13777 Ballantyne Corporate Place, Suite 200, Charlotte, NC 28277

8. Name and address of person(s) or category of person to whom this information will be sent:
The Law Offices of Kenneth Arthur Rigby, PLLC, 15 Maiden Lane, Suite 1500, New York, NY 10038

9(a). Specific information to be released:
- ☐ Medical Record from (insert date) _____ to (insert date) _____
- ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ☑ Other: **Employment Records** _____

Include: (*Indicate by Initialing*)

*A N* _____ Alcohol/Drug Treatment
*A N* _____ Mental Health Information
*A N* _____ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
    Initials                              Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: ☐ At request of individual ☑ Other: **LITIGATION** | 11. Date or event on which this authorization will expire: **ONCE CASE IS COMPLETED** |
|---|---|
| 12. If not the patient, name of person signing form: Anna Nesvizhsky/Paralegal/Block O'Toole & Murphy | 13. Authority to sign on behalf of patient: **POWER OF ATTORNEY** |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____  Date: _____
Signature of patient or representative authorized by law.

SARAH P. SOOGRIM
Notary Public, State of New York
No. 01SO6134243
Qualified in Queens County
Commission expires on September 26, 20__

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# DURABLE POWER OF ATTORNEY TO
## EXECUTE A WRITTEN REQUEST FOR PATIENT
## INFORMATION UNDER SECTION 18 OF THE
## NEW YORK STATE PUBLIC HEALTH LAW
## AND CHAPTER 634 OF THE LAWS OF 2004

THE DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS.

This is intended to constitute a DURABLE POWER OF ATTORNEY to execute a written Request for patient information under section 18 of the New York State Public Health Law and chapter 634 of The Laws of 2004.

I, _PATRICK Gill_, do hereby appoint my attorneys:

## BLOCK O'TOOLE & MURPHY, LLP

as my attorney-in-fact to execute a written request for patient information under section 18 of the New York State Public Health Law in MY NAME place and stead in any way which I myself could do, if I were personally present.

THIS DURABLE POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY SUBSEQUENT DISABILITY OR INCOMPENTENCE.

TO INDUCE ANY THIRD PARTY TO ACT HERBUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HERBUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MY SELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HERBY AGREE TO IDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PREVISIONS OF THE INSTRUMENT.

THIS DURABLE POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.

In witness whereof I have hereunto signed my name this 14 day of _JUNE_, 2013

State of New York )
                  ) ss.:
County of New York )

On the 14th day of JUNE, 2013 before me, the undersigned, a Notary Public in and for said State, personally appeared _Patrick Gill_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**SARAH P. SOOGRIM**
**Notary Public, State of New York**
No. 01SO6134243
Qualified in Queens County
Commission Expires on September 26, 20_13_

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

PATRICK GILL,                                : Case No. 13-CV-04477-JG-SMG

                        Plaintiff,           :

        - against -                          : **SUBPOENA IN A CIVIL CASE**

CHRISTOF S. BAHLMANN and PERINI              :
CORPORATION,
                                             :
                        Defendants.
-------------------------------------X

TO:   The Geo Group, Inc.
      c/o Corporate Creations Network, Inc.
      15 North Mill Street
      Nyack, New York 10960
      (Registered Agent)

       **YOU ARE COMMANDED**, all business and excuses being laid
aside, to appear and attend before a notary public or other
person authorized to administer oaths by the laws of the State
of New York at The Law Offices of Kenneth Arthur Rigby, PLLC, 15
Maiden Lane, Suite 1500, New York, New York 10038, on the 19th
day of June, 2014, at 10:00 o'clock, in the forenoon, and at any
recessed or adjourned date, to give deposition testimony, to be
recorded and transcribed by a court reporter, in this action on
the part of defendants Christoph S. Bahlmann and Perini
Corporation and that you bring with you and produce at that
date, time and place, with regard to the above-entitled action
now pending in the United States District Court for the Eastern
District of New York, the following records and documents in
your possession, custody or control relative to Patrick Gill:

       1.    All employment records for Patrick Gill (Date of Birth
             ███████, Social Security Number (████████████)),
             specifically including, but not necessarily limited to
             the following items (which is not necessarily a
             comprehensive or exhaustive itemization and, thus,
             does not exclude by lack of specific mention any other
             category of employment records/documents that may
             exist):

             (a). Personnel file;

(b). Application(s) for employment/sign-up documents;

(c). Attendance/time/work history documents;

(d). Form W-2 Wage and Tax Statements/pay stubs;

(e). Payroll/earnings documents;

(f). Medical file(s)/documents;

(g). Documents/records relative to job-related/job-mandated physicals;

(h). Documents/records relative to medical leave(s);

(i). No-fault file(s)/documents;

(j). Workers' compensation file(s)/documents.

(k). Injury and/or disability file(s)/documents;

(l). Unemployment files(s)/documents; and

(m). Employee benefits documents.

2. Any and all other records/documents not specifically requested in this Subpoena that are authorized to be released to this law office pursuant to the attached written authorization provided by Patrick Gill, the original of which was mailed, under cover of a letter dated February 18, 2014, to The Geo Group, Inc., 13777 Ballantyne Corporate Place, Suite 200, Charlotte, North Carolina 28277.

For purposes of responding to this Subpoena, the terms "records" and "documents" shall include, but not be limited to, any handwriting, typewriting, printing, photostating, photocopying, mechanical, computer-based, or electronic recording, or any transcription of copies thereof, and every other means of recording upon any tangible thing or any database, any form of communication or representation, including documents, letters, notes, telegrams, publications, contracts, records, papers, books, recordings on tape, wire or drums, checks, drafts, money orders, worksheets, working papers, notebooks, diaries, calendars, graphs, charts, business records of all kinds, similar writings, whether or not in your possession or under your control, which relate to or pertain in any manner to the subject matter of the request no matter how

prepared, or by who, and all drafts or copies (including non-identical copies) prepared in connection with any such documents, whether used or not.

Federal Rules of Civil Procedure 45(d) and 45(e) provide as follows:

"(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary

course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being

notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved."

Failure without adequate excuse to obey this Subpoena and/or any order related to it may result in The Geo Group, Inc. being held in contempt.

WITNESS, Honorable Steven M. Gold, Chief Magistrate Judge of the United States District Court for the Eastern District of New York, at 225 Cadman Plaza East, Brooklyn, New York 11201.

Dated: New York, New York
       May 16, 2014

Yours, etc.,

THE LAW OFFICES OF
KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendants
CHRISTOPH S. BAHLMANN and
PERINI CORPORATION

By: _____
    John R. Wiess (JW 9563)
    15 Maiden Lane, Suite 1500
    New York, New York 10038
    (212) 629-7575

**So Ordered.**

_____            MAY 16, 2014
       Hon. Steven M. Gold

-6-



# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patrick Gill | ▓▓▓▓ | ▓▓▓▓ |

| Patient Address |
|---|
| 85 Nicholas Avenue, Brooklyn, NY 11208 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form.

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).

7. Name and address of health provider or entity to release this information:
The Geo Group, Inc., 13777 Ballantyne Corporate Place, Suite 200, Charlotte, NC 28277

8. Name and address of person(s) or category of person to whom this information will be sent:
The Law Offices of Kenneth Arthur Rigby, PLLC, 15 Maiden Lane, Suite 1500, New York, NY 10038

9(a). Specific information to be released:
☐ Medical Record from (insert date) _____ to (insert date) _____
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☑ Other: Employment Records     Include: (*Indicate by Initialing*)

_A N_  Alcohol/Drug Treatment
_A N_  Mental Health Information
_A N_  HIV-Related Information

Authorization to Discuss Health Information

(b) ☐ By initialing here _____ I authorize _____
        Initials                                      Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: LITIGATION | 11. Date or event on which this authorization will expire:<br><br>ONCE CASE IS COMPLETED |
|---|---|
| 12. If not the patient, name of person signing form:<br>Anna Nesvizhsky/Paralegal/Block O'Toole & Murphy | 13. Authority to sign on behalf of patient:<br>POWER OF ATTORNEY |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____
Signature of patient or representative authorized by law.

Date: _____

SARAH P. SOOGRIM
Notary Public, State of New York
No. 01SO6134243
Qualified in Queens County
Commission Expires on September 28, 20__

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# DURABLE POWER OF ATTORNEY TO
## EXECUTE A WRITTEN REQUEST FOR PATIENT
## INFORMATION UNDER SECTION 18 OF THE
## NEW YORK STATE PUBLIC HEALTH LAW
## AND CHAPTER 634 OF THE LAWS OF 2004

THE DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS.

This is intended to constitute a DURABLE POWER OF ATTORNEY to execute a written Request for patient information under section 18 of the New York State Public Health Law and chapter 634 of The Laws of 2004.

I, _PATRICK GILL_, do hereby appoint my attorneys:

### BLOCK O'TOOLE & MURPHY, LLP

as my attorney-in-fact to execute a written request for patient information under section 18 of the New York State Public Health Law in MY NAME place and stead in any way which I myself could do, if I were personally present.

THIS DURABLE POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY SUBSEQUENT DISABILITY OR INCOMPETENCE.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MY SELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HERBY AGREE TO IDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PREVISIONS OF THE INSTRUMENT.

THIS DURABLE POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.

In witness whereof I have hereunto signed my name this 14 day of _JUNE_, 2013

State of New York   )
                    ) ss.:
County of New York  )

On the 14th day of _JUNE_, 2013 before me, the undersigned, a Notary Public in and for said State, personally appeared _PATRICK GILL_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

SARAH P. SOOGRIM
Notary Public, State of New York
No. 01SO6134243
Qualified in Queens County
Commission Expires on September 26, 20 13

Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
PATRICK GILL,                          :    Case No. 13-CV-04477-JG-SMG

                        Plaintiff,     :

              - against -              :    **SUBPOENA IN A CIVIL CASE**

CHRISTOF S. BAHLMANN and PERINI        :
CORPORATION,
                                       :
                        Defendants.
--------------------------------------X


TO:   The Geo Group, Inc.
      2534 Creston Avenue
      Bronx, New York 10468



        **YOU ARE COMMANDED**, all business and excuses being laid
aside, to appear and attend before a notary public or other
person authorized to administer oaths by the laws of the State
of New York at The Law Offices of Kenneth Arthur Rigby, PLLC, 15
Maiden Lane, Suite 1500, New York, New York 10038, on the 24th
day of June, 2014, at 10:00 o'clock, in the forenoon, and at any
recessed or adjourned date, to give deposition testimony, to be
recorded and transcribed by a court reporter, in this action on
the part of defendants Christoph S. Bahlmann and Perini
Corporation and that you bring with you and produce at that
date, time and place, with regard to the above-entitled action
now pending in the United States District Court for the Eastern
District of New York, the following records and documents in
your possession, custody or control relative to Patrick Gill:

    1.  All employment records for Patrick Gill (Date of Birth
        ████████, Social Security Number ████████████),
        specifically including, but not necessarily limited to
        the following items (which is not necessarily a
        comprehensive or exhaustive itemization and, thus,
        does not exclude by lack of specific mention any other
        category of employment records/documents that may
        exist):

        (a). Personnel file;

(b). Application(s) for employment/sign-up documents;

(c). Attendance/time/work history documents;

(d). Form W-2 Wage and Tax Statements/pay stubs;

(e). Payroll/earnings documents;

(f). Medical file(s)/documents;

(g). Documents/records relative to job-related/job-mandated physicals;

(h). Documents/records relative to medical leave(s);

(i). No-fault file(s)/documents;

(j). Workers' compensation file(s)/documents.

(k). Injury and/or disability file(s)/documents;

(l). Unemployment files(s)/documents; and

(m). Employee benefits documents.

2.  Any and all other records/documents not specifically requested in this Subpoena that are authorized to be released to this law office pursuant to the attached written authorization provided by Patrick Gill, the original of which was mailed, under cover of a letter dated February 18, 2014, to The Geo Group, Inc., 13777 Ballantyne Corporate Place, Suite 200, Charlotte, North Carolina 28277.

For purposes of responding to this Subpoena, the terms "records" and "documents" shall include, but not be limited to, any handwriting, typewriting, printing, photostating, photocopying, mechanical, computer-based, or electronic recording, or any transcription of copies thereof, and every other means of recording upon any tangible thing or any database, any form of communication or representation, including documents, letters, notes, telegrams, publications, contracts, records, papers, books, recordings on tape, wire or drums, checks, drafts, money orders, worksheets, working papers, notebooks, diaries, calendars, graphs, charts, business records of all kinds, similar writings, whether or not in your possession or under your control, which relate to or pertain in any manner to the subject matter of the request no matter how

prepared, or by who, and all drafts or copies (including non-identical copies) prepared in connection with any such documents, whether used or not.

Federal Rules of Civil Procedure 45(d) and 45(e) provide as follows:

"(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required*.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted*.  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative*.  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:

(A) *Documents*.  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary

course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being

notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved."

Failure without adequate excuse to obey this Subpoena and/or any order related to it may result in The Geo Group, Inc. being held in contempt.

WITNESS, Honorable Steven M. Gold, Chief Magistrate Judge of the United States District Court for the Eastern District of New York, at 225 Cadman Plaza East, Brooklyn, New York 11201.

Dated: New York, New York
       May 16, 2014

                              Yours, etc.,

                              THE LAW OFFICES OF
                              KENNETH ARTHUR RIGBY, PLLC
                              Attorneys for Defendants
                              CHRISTOPH S. BAHLMANN and
                              PERINI CORPORATION

                              By: _____
                              John R. Wiess (JW 9563)
                              15 Maiden Lane, Suite 1500
                              New York, New York 10038
                              (212) 629-7575

        So Ordered.

        _____
        Hon. Steven M. Gold

-6-



# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patrick Gill | ▓▓▓▓▓ | ▓▓▓▓▓ |

Patient Address
85 Nicholas Avenue, Brooklyn, NY 11208

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form.
In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
The Geo Group, Inc., 13777 Ballantyne Corporate Place, Suite 200, Charlotte, NC 28277

8. Name and address of person(s) or category of person to whom this information will be sent:
The Law Offices of Kenneth Arthur Rigby, PLLC, 15 Maiden Lane, Suite 1500, New York, NY 10038

9(a). Specific information to be released:
☐ Medical Record from (insert date) _____ to (insert date) _____
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☑ Other: __Employment Records__

Include: (Indicate by Initialing)
_AN_ Alcohol/Drug Treatment
_AN_ Mental Health Information
_AN_ HIV-Related Information

Authorization to Discuss Health Information

(b) ☐ By initialing here _____ I authorize _____
Initials                Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: LITIGATION | 11. Date or event on which this authorization will expire:<br><br>ONCE CASE IS COMPLETED |
|---|---|
| 12. If not the patient, name of person signing form:<br>Anna Nesvizhsky/Paralegal/Block O'Toole & Murphy | 13. Authority to sign on behalf of patient:<br>POWER OF ATTORNEY |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____
Signature of patient or representative authorized by law.

Date: _____

SARAH P. SOOGRIM
Notary Public, State of New York
No. 01SO6134243
Qualified in Queens County
Commission Expires on September 26, 20___

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

## DURABLE POWER OF ATTORNEY TO EXECUTE A WRITTEN REQUEST FOR PATIENT INFORMATION UNDER SECTION 18 OF THE NEW YORK STATE PUBLIC HEALTH LAW AND CHAPTER 634 OF THE LAWS OF 2004

THE DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS.

This is intended to constitute a DURABLE POWER OF ATTORNEY to execute a written Request for patient information under section 18 of the New York State Public Health Law and chapter 634 of The Laws of 2004.

I, _PATRICK Gill_, do hereby appoint my attorneys:

### BLOCK O'TOOLE & MURPHY, LLP

as my attorney-in-fact to execute a written request for patient information under section 18 of the New York State Public Health Law in MY NAME place and stead in any way which I myself could do, if I were personally present.

THIS DURABLE POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY SUBSEQUENT DISABILITY OR INCOMPETENCE.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MY SELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HERBY AGREE TO IDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PREVISIONS OF THE INSTRUMENT.

THIS DURABLE POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.

In witness whereof I have hereunto signed my name this 14 day of _JUNE_, 2013

State of New York )
 ) ss.:
County of New York )

On the 14th day of _JUNE_, 2013 before me, the undersigned, a Notary Public in and for said State, personally appeared _PATRICK Gill_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

SARAH P. SOOGRIM
Notary Public, State of New York
No. 01SO6134243
Qualified in Queens County
Commission Expires on September 26, 20 13

Exhibit D

# THE LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC

**Attorneys at Law**
**15 Maiden Lane, Suite 1500**
**New York, New York 10038**
**(212) 629-7575**
**Direct Dial (646) 490-9689**
**Facsimile (646) 863-4248**

May 19, 2014

**BY FACSIMILE (212) 971-9840**
**AND REGULAR MAIL**

Block O'Toole & Murphy, LLP
Attorneys at Law
One Penn Plaza, Suite 5315
New York, New York 10119

Attention: David L. Scher, Esq.

     Re:    Patrick Gill v. Christoph S. Bahlmann and Perini Corporation (U.S.D.C., E.D.N.Y.; Case Number 13-CV-04477-JG-SMG)
           Our File Number: PZ-0015

Dear Mr. Scher:

     Please allow this letter to constitute notice, pursuant to Federal Rule of Civil Procedure 45(a)(4), that the defendants will be arranging for the service of two subpoenas that are directed to The Geo Group, Inc. More specifically, the subpoenas, copies of which are enclosed, are the following:

1.    Subpoena In A Civil Case, dated May 16, 2014, that is directed to The Geo Group, Inc., c/o Corporate Creations Network, Inc., 15 North Mill Street, Nyack, New York 10960 (Registered Agent). This subpoena is made returnable on June 19, 2014.

2.    Subpoena In A Civil Case, dated May 16, 2014, that is directed to The Geo Group, Inc., 2534 Creston Avenue, Bronx, New York 10468. This subpoena is made returnable on June 24, 2014.

     Do not hesitate to call me or Kenneth Arthur Rigby should you have any questions or comments regarding the contents of this letter or the enclosed subpoenas.

                       Very truly yours,

                       John R. Wiess

JRW/jrw
Enclosures

Exhibit E

AO 88 (11/91) Subpoena in a Civil Case    **PROOF OF SERVICE**

2014051915 4044

| SERVED *Corporate* | DATE: 5-20-14 @ 2:21 pm | PLACE: 15 North mill St Nyack, NY 10960 |
|---|---|---|

SERVED ON: **THE GEO GROUP INC. C/O CORPORATE CREATIONS NETWORK INC. , RA.**
ACCEPTED BY: *Joanne Doe last name refused*
RELATIONSHIP/TITLE: *CEO /Authorized*

MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE SERVING: **SUBPOENA IN A CIVIL CASE, AUTHORIZATION,** ATTACHMENT *A witness fee of $55*

SERVED BY *Michael Rokicsak*    |    TITLE    **PROCESS SERVER**

**DECLARATION OF SERVER**

Description of Person Receiving Document(s):

SEX: F  AGE: 51-65  HEIGHT: 5'4-5'8  WEIGHT: 131-160  SKIN: *White* HAIR: *brn.*  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.
I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

*May 23rd, 2014*

*michelle* L.S.

**Michelle Serna**
**Notary Public- State of New York**
**No. 01SE6292630**
**Qualified in Westchester County**
**My Commission Expires 11/4/17**

SIGNATURE OF *Michael Rokicsak* L.S.
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:

ATTORNEY: KENNETH ARTHUR RIGBY, ESQ.
PLAINTIFF: PATRICK GILL
DEFENDANT: CHRISTOPH S. BAHLMANN, ET AL
VENUE: DISTRICT
DOCKET: 13 CV 04477 JG SMG
FEE: $55.00

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



Exhibit F

AO 88 (11/91) Subpoena in a Civil Case     **PROOF OF SERVICE**

```
2 0 1 4 0 5 1 9 1 5 4 4 3 5
```

| | | |
|---|---|---|
| **SERVED** | DATE:<br>MAY 20 2014<br>AT 4:14 PM | PLACE: 2534 CRESTON AVE<br>BRONX, NY 10468 |

| | |
|---|---|
| SERVED ON: **THE GEO GROUP INC.**<br>ACCEPTED BY: ELENIA MEJIA<br>RELATIONSHIP/TITLE: Administrative Assistant | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE<br>SERVING: **SUBPOENA IN A CIVIL CASE, AUTHORIZATION,<br>ATTACHMENT** |
| SERVED BY AQUINO GONZALEZ | TITLE<br>**PROCESS SERVER** |

---

**DECLARATION OF SERVER**

Description of Person Receiving Document(s): FEMALE 31-35 5'5"-5'8" 160-200 BROWN BLACK PREGNANT

SEX: ___ AGE: _____ HEIGHT: _____ WEIGHT: _____ SKIN: _____ HAIR: _____ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.
I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

_____ L.S.

SIGNATURE OF AQUINO GONZALEZ
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON: **MAY 20 2014**

| | |
|---|---|
| ATTORNEY: | KENNETH ARTHUR RIGBY, ESQ. |
| PLAINTIFF: | PATRICK GILL |
| DEFENDANT: | CHRISTOPH S. BAHLMANN, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 13 CV 04477 JG SMG |
| FEE: | $55.00 |

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

