

**BLOCK O'TOOLE & MURPHY, LLP**
ATTORNEYS AT LAW

One Penn Plaza
Suite 5315
New York, New York 10119

Jeffrey A. Block
Daniel P. O'Toole
Stephen J. Murphy
S. Joseph Donahue
David L. Scher

———

Frederick C. Aranki
Scott Occhiogrosso
Michael J. Hurwitz
Christina R. Mark
Romina Tominovic
Brigit Zahler

(212) 736-5300 Telephone
(212) 971-9840 Facsimile

Of Counsel
George A. Freitag
Javier A. Solano
Ravi Sattiraju

April 20, 2015

The Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE: Case No. 1:13-cv-04477-JG-SMG; *Gill v. Bahlmann et al.*
         Response to Defendants' proposed motion

Dear Judge Gold,

  Plaintiff respectfully submits this letter as a summary of the basis of Plaintiff's opposition to Defendant's proposed motion to dismiss Plaintiff's complaint.

  Defendants are correct in that the present personal injury lawsuit was not disclosed as an asset in the schedules that were filed in connection with Plaintiff's 2014 Chapter 7 bankruptcy case. However, Plaintiff's bankruptcy attorney and the Trustee of the aforesaid bankruptcy proceeding, Richard McCord, have since been advised of that omission and the Trustee is now investigating re-opening the bankruptcy proceeding to amend the schedule to include this lawsuit. We believe that Mr. Gill's bankruptcy case will be reopened shortly.

**BLOCK O'TOOLE & MURPHY, LLP**
ATTORNEYS AT LAW

One Penn Plaza
Suite 5315
New York, New York 10119

---

*Page 2*

Indeed, it is well settled that a discharged Chapter 7 bankruptcy case may be reopened to include a previously undisclosed personal injury action. See In re Amaya, No. 11-78239-AST, 2014 WL 7004848 (Bankr. E.D.N.Y. Dec. 11, 2014); In re Narcisse, No. 96-21345 NHL, 2013 WL 1316706 (Bankr. E.D.N.Y. Mar. 29, 2013); In re Arana, 456 B.R. 161, 171 (Bankr. E.D.N.Y. 2011). Upon the reopening of the Chapter 7 bankruptcy case, the trustee may substitute for the Plaintiff as the real-party-in-interest, abandon the claim, or arrange for the debtor to prosecute the action in exchange for the estate receiving a share of the proceeds. See In re Arana, 456 B.R. at 170.

The In re Arena Court explained:

> "[A] debtor's failure to schedule a prepetition action may only be a speedbump, not a roadblock, on the road to a recovery for the bankruptcy estate. The debtor or another party in interest may attempt to avert dismissal [of the undisclosed lawsuit] by seeking to reopen the bankruptcy case and amend the schedules to list the action so that 'a chapter 7 trustee can be appointed, investigate whether the [a]ction has value, and then prosecute it, settle it, abandon it, or arrange for [the debtor] to prosecute it in exchange for the estate receiving a share of the proceeds.'(citation omitted) If it appears to the trustee that there may be a recovery and estate assets to distribute, then creditors can be notified, claims can be filed, and if all goes well, a distribution can be made to creditors." Id. at 170-171

Here, the trustee of Mr. Gill's bankruptcy estate has already been made aware of this lawsuit, it is anticipated that the estate will be reopened shortly.

Plaintiff submits that Eastman v. Union Pac. R. Co., 493 F.3d 1151 (10th Cir. 2007), relied upon by Defendants and cited approvingly by Judge Gleeson in Thomas v. JP Morgan



**BLOCK O'TOOLE & MURPHY, LLP**
ATTORNEYS AT LAW

One Penn Plaza
Suite 5315
New York, New York 10119

---

*Page 3*

Chase, N.A., No. 11-CV-3656 JG RML, 2012 WL 2872164, at *8 (E.D.N.Y. July 11, 2012), actually *supports* Plaintiff's position. In Eastman, the debtor petitioned for Chapter 7 bankruptcy while his personal injury claims were pending. The bankruptcy petition failed to disclose the lawsuit as a potential asset of the estate. Almost one year after the debtor was discharged, the trustee learned of the debtor's pending lawsuit. Defendants' letter brief failed to mention the most salient fact of Eastman, which is that the trustee did successfully move to reopen the Chapter 7 case, and subsequently settled the personal injury action with two of the named Defendants. See Eastman v. Union Pac. R. Co., 493 F.3d 1151, *supra*.

Although the issue was moot before it reached the Court of Appeals (because the personal injury case was already settled), the United States Court of Appeals for the Tenth Circuit still made very clear that judicial estoppel should not bar recovery for the bankruptcy estate. The Eastman court wrote:

> "[q]uite likely the district court's application of judicial estoppel against the trustee was inappropriate, at least to the extent [the debtor's] personal injury claims were necessary to satisfy his debts. (*citation omitted*) This is because at the time of the court's decision, the trustee as the real-party-in-interest had not engaged in contradictory litigation tactics. See Cannon–Stokes v. Potter, 453 F.3d 446, 448 (7th Cir.2006) ('Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit.')" Id. at 1155

Thomas v. JP Morgan Chase, N.A., *supra*, cited by Defendants, is inapposite to the case at bar. That is because, unlike the instant action, in Thomas, the Chapter 7 case was never



**BLOCK O'TOOLE & MURPHY, LLP**
ATTORNEYS AT LAW

One Penn Plaza
Suite 5315
New York, New York 10119

---

*Page 4*

reopened. See Thomas, 2012 WL 2872164 at *7.

The law is clear that upon the reopening of a Chapter 7 bankruptcy case, the trustee may prosecute, settle, abandon, or arrange for the debtor to prosecute a previously undisclosed personal injury action. Here, as noted above, the trustee of Plaintiff's Chapter 7 bankruptcy case has been made aware of this lawsuit, and it is anticipated that the estate will be reopened.

Accordingly, based on the foregoing, Plaintiff respectfully submits that this action is not estopped. Once the bankruptcy is re-opened, Defendants will have no legal basis to dismiss Mr. Gill's personal injury claims.

Very truly yours,

DAVID L. SCHER

DLS/cas

Cc: John R. Weiss, Esq.
Law Offices of Kenneth Arthur Rigby, PLLC
15 Maiden Lane, Suite 1500
New York, NY 10038