**THE LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC**
ATTORNEYS AT LAW
15 MAIDEN LANE, SUITE 1500
NEW YORK, NEW YORK 10038
(212) 629-7575; (646) 490-9690
FACSIMILE (646) 863-4248
*karigby@karigbylaw.com*
July 24, 2015

| | |
|---|---|
| The Honorable John Gleeson<br>United States District Court<br>Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | Hon. Steven M. Gold<br>United States District Court<br>Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 |

RE: Case No. 1:13-cv-04477-JG-SMG; *Gill v. Bahlmann et al.*
<u>Case Status Update And Pre-Motion Conference Request</u>

Dear Judge Gleeson and Judge Gold:

Pursuant to this Court's June 10, 2015 directive to the parties, this case will continue to be stayed pending the outcome of the decision from the Bankruptcy Court and that the parties are directed to file another status report by Friday, July 24, 2015, this letter constitutes both our compliance with the Court's June 10, 2015 directive(s) and also renewed request for a pre-motion conference. We understand that the Bankruptcy Court entered an order on July 17, 2015, granting the application to reopen his bankruptcy to add this litigation to the schedule of assets in that previously discharged proceeding. Nonetheless, this District Court action may be dismissed based on Mr. Gill's failure to list this litigation as an asset in his bankruptcy until he was confronted with his failure to properly do so. Hence, under this Court's Motion and Individual Practices Rule 3.A., Defendants request a pre-motion conference because Defendants intend to file a motion under Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(c). The following is the basis for the motion:

### I. Factual Background

Plaintiff alleges that on August 14, 2012, he was injured in a motor vehicle accident due to Defendants' negligence, and subsequently sued for those injuries on June 25, 2013. See in this matter ECF Document No. 1 (Aug. 8, 2013), pp. 6-7, ¶¶ 51-56. Plaintiff's lawsuit was removed to this Court on August 8, 2013, after Plaintiff asserted he was entitled to damages not to exceed $10,000,000. As discerned from the Bankruptcy Petition and Bankruptcy Docket, five months after Plaintiff personally appeared at a status conference in this matter (*see* ECF Document No. 15 (May 19, 2014), he filed a voluntary petition in bankruptcy under Chapter 7 of the Code with the United States Bankruptcy Court for the Eastern District of New York, Case No. 14-45049.

As reflected by the Bankruptcy Docket and relevant documents, including the Bankruptcy Schedules, in Plaintiff's bankruptcy he filed "Schedule B-Personal Property," where Plaintiff stated "None" in response to the requirement to list "contingent and unliquidated claims of every nature." As is clear from Plaintiff's Statement of Financial Affairs in the bankruptcy, Plaintiff identified himself as a defendant in five collection proceedings and four foreclosure proceedings, which required Plaintiff to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case," but he failed to disclose himself as a Plaintiff

to this lawsuit. As noted, collectively, in the Bankruptcy Docket, the audio of the meeting of the creditors and the Unofficial Transcript of the meeting of the creditors, on November 13, 2014 (over 16 months after suing in this matter), a meeting of creditors under §341(a) of the Code was held. At the meeting of creditors, Plaintiff swore under oath and penalty of perjury that: (1) he read and understood each of his bankruptcy submissions before he signed them; (2) he was personally familiar with the documents he signed; (3) he listed all his assets; (4) the information was true and correct to the best of his knowledge; (5) no one owed him money; (6) he had no claims against anyone; and (7) he had no right to sue anyone.

Based on schedules and testimony disclosing no claims or pending lawsuits against these Defendants, the trustee entered a report of no distribution stating after making a diligent inquiry into Plaintiff's financial affairs, there is no property available for distribution. Afterwards, Plaintiff received a no-asset discharge and his bankruptcy was closed on January 15, 2015. Despite having both the ability and the obligation to amend his bankruptcy filings before receiving his discharge to disclose any previously omitted assets, Plaintiff never amended his filings to disclose this lawsuit.

After Defendants raised the defenses of judicial estoppel and lack of standing with this Court, Plaintiff notified the former bankruptcy trustee of this undisclosed lawsuit. The former trustee moved to reopen the discharged bankruptcy, which was granted on July 17, 2015.

## II. Basis of Motion

Judicial estoppel and lack of standing justify dismissal with prejudice under Rules 12(b)(6), 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure. *Thomas I*, 2012 WL 2872164, at *6; *Thomas v. Barrett, Daffin, Frappier, Turner & Engel LLP*, 532 F. App'x 10 (2d Cir. 2013) ("Thomas III"); *Ibok*, 470 F. App'x 27, 28 (2d Cir. 2012).

### a. *Judicial Estoppel Bars Plaintiff's Claims*

"Typically, judicial estoppel applies if: (1) a party's later position is clearly inconsistent with its earlier position; (2) the party's former position has been adopted in some way by the court in the earlier proceeding; and (3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." *Adelphia Recovery Trust v. HBC Bank, USA (In re Adelphia Recovery Trust)*, 634 F.3d 678, 695-96 (2d Cir.2011) (internal quotation marks and citations omitted). "[T]he proper focus is on the objective conduct of a party or its counsel," rather than the party's or attorney's "subjective intent." *Id.* at 696. The elements of judicial estoppel are satisfied here. *See, e.g., Thomas I*, 2012 WL 2872164.

A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court. *Id.* at *7 (citing *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir.2008)). Plaintiff swore under oath and penalty of perjury during his 341 Meeting he had no claims against anyone and no right to sue anyone despite being actively involved in a lawsuit. Plaintiff's omission of any potential claims or pending lawsuits against Defendants in his mandatory bankruptcy filings before receiving his discharge is also "tantamount to a representation that no such claim existed." *Id.* (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)). By suing Defendants, however, Plaintiff is taking the opposite position: he has claims against and a right to sue Defendants who owe him money. "Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry." *In re Superior Crewboats*, 374 F.3d at 335.

A bankruptcy court accepts or adopts "a position taken in the form of omissions from bankruptcy schedules when it grants the debtor relief, such as discharge, on the basis of those filings." *Guay v. Burack*, 677 F.3d 10, 18 (1st Cir. 2012); *Thomas I*, 2012 WL 2872164, at *8 ("Thomas's prior position was adopted by the bankruptcy court when it granted her a discharge."); *Azuike v. BNY MELLON*, 962 F. Supp. 2d 591, 599 (S.D.N.Y. 2013). ("the bankruptcy court adopted plaintiff's representation that such a claim did not exist when it discharged his debts and closed the bankruptcy case."). Here, Plaintiff received a no-asset discharge in his bankruptcy, so the second prong of the judicial estoppel inquiry is satisfied.

Plaintiff would derive an unfair advantage from his inconsistent positions because he "has received the benefit of a discharge of [his] debts while still possessing the ability to recover on [his] claims in full." *Thomas I*, 2012 WL 2872164, at *8 (citing *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1159 (10th Cir.2007)). In *Eastman*, the court noted a "debtor, once he files for bankruptcy, disrupts the flow of commerce and promptly benefits from an automatic stay," and "then receives the ultimate benefit of bankruptcy when he receives a discharge." *Id*. "A chapter 7 discharge ... relieves the debtor of any obligation to pay outstanding debts." *Id*. The *Eastman* court held the plaintiff "received the benefit of a discharge without ever having disclosed his pending personal injury action against Defendants, thus providing him an unfair advantage over his creditors." *Id*. at 1159-60.

Just as in *Thomas I and Eastman*, Plaintiff here was granted a no-asset discharge after disclosing no claims against Defendants, omitting he was party to this lawsuit, and telling the bankruptcy trustee he had no claims or right to sue. If not estopped, the Plaintiff would gain an unfair advantage by being allowed to proceed with this lawsuit, because he could pursue the litigation without the risk that any award would go to his creditors. The third prong of the judicial estoppel inquiry is satisfied and judicial estoppel applies.

Plaintiff's effort to have his bankruptcy reopened to include this undisclosed Lawsuit does not preclude the Court from applying judicial estoppel to prevent Plaintiff from benefiting from this lawsuit. "Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir.2002); *Azuike v. BNY Mellon*, 962 F. Supp. 2d 591, 599 (S.D.N.Y. 2013). ("despite the fact that plaintiff was permitted to reopen his bankruptcy case and amend his filings to reflect his EEOC claim, it would violate the integrity of the judicial system to allow him to pursue the present action.").

### b. Plaintiff Lacks Standing

"Under 11 U.S.C. § 541(a)(1), the commencement of a bankruptcy case creates an estate comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case.' The bankruptcy estate includes future, nonpossessory, contingent, speculative, and derivative interests, along with all causes of action 'owned by the debtor or arising from property of the estate.'" *Thomas III*, 532 F. App'x at 11 (citing *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir.2008)). "Where legal claims become part of a bankruptcy estate, the debtor lacks standing to bring these claims...." *Id*.; *see also Thomas I*, 2012 WL 2872164, at *10 n. 9. Because Plaintiff never scheduled his lawsuit, it remains property of the bankruptcy estate and Plaintiff lacks standing to pursue the lawsuit. *Chartschlaa*, 538 F.3d at 122 ("While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed."). Only the bankruptcy trustee, who is not a party, has standing to pursue this Lawsuit.

Very truly yours,

Kenneth Arthur Rigby

cc:
David L. Scher, Esq.
Block O'Toole & Murphy, LLP
One Penn Plaza, Suite 5315
New York, New York 10119